# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JUSTIN FOUST,

    Petitioner,

v.   CASE NO. 1:13-cv-00099-MP-GRJ

SECRETARY, FLA. DEPT. OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated July 23, 2015 (Doc. 19).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Petitioner filed objections, Doc. 22, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).

Having considered the Report and Recommendation and Petitioner's objections, I have determined that the Report and Recommendation should be adopted. Though I incorporate the Magistrate Judge's arguments in this Order, I will address Petitioner's objections as to his first claim separately.

Petitioner cites to the Kansas Supreme Court's conclusion that videotaped statements by law enforcement officers indicating Defendant was a liar should be precluded. *State v. Elnicki*, 105 P.3d 1222, 1229 (Kan. 2005). Petitioner argues that this case law, coupled with the fact that the jury heard the detective call the Petitioner a liar, supports a finding that Petitioner was

prejudiced.

However, in Florida, it has been recognized that there is a difference between officers giving opinion testimony from the witness stand directly to a jury and an officer stating their opinion during the interrogation of a suspect. *Odeh v. State*, 82 So. 3d 915, 920 (Fla. Dist. Ct. App. 2011). For example, the Fourth District Court of Appeal in *Eugene v. State,* 53 So. 3d 1104 (Fla. Dist. Ct. App. 2011) affirmed a first-degree murder conviction and life sentence despite the argument that the trial court erred in allowing the jury to hear four statements by interrogating detectives indicating their own personal belief's as to the defendant's guilt. In that case, the court said "[n]ot everything a detective says to a defendant during a recorded interrogation is unfairly prejudicial under [F.S. Section] 90.403." *Id.* at 1112. Furthermore, the court noted that you still must find that the error was fundamental, which requires a showing that "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Odeh v. State*, 82 So. 3d at 921 (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). Petitioner fails to meet that burden, and thus, he is not entitled to relief based upon this claim.

Petitioner's other eight claims fail for the reasons stated by the Magistrate Judge in the Report and Recommendation. Therefore, Petitioner is not entitled to relief. Furthermore, Petitioner failed to object to the Magistrate Judge's determination that the certificate of appealability should be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 19, is adopted and incorporated herein.

2. This petition for writ of habeas corpus, Doc. 1, is DENIED.

3.   A certificate of appealability is DENIED.

**DONE AND ORDERED** this *1st*  day of December, 2015

    *s/Maurice M. Paul*
    Maurice M. Paul, Senior District Judge